FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 FEB 17 PM 3:19
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH "MIKE" GIBBS | * | CIVIL ACTION 05-0572 |
| | * | |
| VERUS | * | NO. |
| | * | |
| SEA SUPPORT VENTURES, LLC | * | SECTION " " SECT. N MAG. 1 |
| | * | |
| | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT**

**TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:**

The complaint of Kenneth "Mike" Gibbs, through undersigned counsel, with respect represents that:

1.

Plaintiff is a major and citizen of the United States and the State of Mississippi, residing in Lake, Mississippi.



Fee $250.
Process
X Dktd
CtRmDep
Doc No

2.

The defendant Sea Support Ventures, LLC, is a corporation organized under the laws of the State of Louisiana, which, at all times pertinent herein, has been authorized to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

3.

Jurisdiction over the subject matter of this action is based upon the General Maritime Law.

4.

Alternatively, jurisdiction over the subject matter of this action exists pursuant to diversity of citizenship within the meaning of 28 U.S.C. §1332(a), inasmuch as the parties are diverse citizens, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5.

Plaintiff invokes the "savings to suitors" clause of 28 U.S.C. §1333(1), for the purpose of preserving his right to, and remedy of, a jury trial herein.

6.

At all times pertinent herein, including on or about February 20, 2004, plaintiff was employed by Superior Energy Services to work aboard a fixed platform in the Gulf of Mexico off the coast of Louisiana, designated as Platform MP (Main Pass) 133-A, a platform owned by Petroventures, Inc.

7.

On or about February 20, 2004, the vessel M/V KURT DAVID was a vessel in navigation

upon the navigable waters in the United States, and within the jurisdiction of this Honorable Court.

8.

On or about February 20, 2004, the aforesaid vessel was owned and operated by the defendant Sea Support Ventures, LLC.

9.

On or about February 20, 2004, the aforesaid vessel was adjacent and/or made up to Platform MP 133-A, for the purpose, among other things, of transferring water to said platform.

10.

As part of his employment duties aboard the platform, plaintiff was obliged to participate in this transfer operation.

11.

In the course of this transfer operation, a water supply hose was attached to a pump aboard the vessel; and, despite being advised and aware that this hose was not connected to the receiving tank on the platform, a crewman aboard the M/V KURT DAVID turned on the vessel water pump.

12.

This action by the vessel crewman caused the loose end of the water supply hose to violently move about and strike the plaintiff, inflicting severe injury.

13.

The above incident was caused by the negligent acts of omission and/or commission on the part of the defendant, through the defendants' agents, officers, employees, and/or vessel crew,

including, but not limited to, negligence in the arrangements and procedure for the water transfer operation, negligence in the conduct of said operations, negligence in the failure to guard against the risk of violent movement in the water supply hose, negligence in turning on the water pump at the time when the water supply hose was not connected to the platform's receiving tank, and other acts of negligence which may be disclosed in further proceedings herein.

14.

The aforesaid action of the vessel's crewman occurred within the course and scope of his employment by the defendant, making the defendant liable vicariously under the doctrine of *respondeat superior*.

15.

Since the instrumentality of plaintiff's injury was in the control of defendant, at all times pertinent, and this incident ordinarily would not have occurred absent fault on the part of the defendant, the doctrine of *res ipsa loquitur* is applicable herein.

16.

As a result of the aforesaid incident and negligence of defendant, plaintiff has suffered severe injuries to his leg and lower back, has experienced physical pain and mental anguish, has undergone extensive medical treatment, including surgery, will require additional medical treatment in the future and incur future medical expenses, has been disabled from his customary, gainful employment, has lost sums of money he otherwise would have earned, has suffered a diminution of his wage-earning capacity, and has been impaired in the pursuit of life's pleasures and his daily activities, all of which is to the plaintiff's damages in an amount exceeding $75,000, but to be determined with specificity at trial.

17.

Plaintiff is entitled to, and prays for, trial by jury as to all issues herein.

WHEREFORE, plaintiff Kenneth "Mike" Gibbs respectfully prays for judgment in his favor and against the defendant, in an amount of damages determined to be reasonable in the premises in order to fully and fairly compensate him for his injuries, and exceeding the sum of $75,000, exclusive of interest and costs; and plaintiff further prays for legal interest on any such recovery of damages, from the date of filing until paid in full, as well as all costs and disbursements of these proceedings; and plaintiff finally prays for any and all other general and equitable relief as the Court may deem fit.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY:_______________________

GERALD E. MEUNIER, #9471
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
(504) 522-2304

**ATTORNEYS FOR PLAINTIFFS**

**<u>PLEASE SERVE:</u>**
Sea Support Ventures, LLC
Through its registered agent for service of process:
Randy J. Adams
104 ABC Lane
Cut Off, Louisiana 70345